```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GABRIEL SMITH,

                              Petitioner,
                                                                    ORDER
           -against-                                                18-CV-00208(JMA)

CNYPC, Great Meadows Correctional
Facility,

                              Respondent.
----------------------------------------------------------------X
GABRIEL ANTONIO MASSEY-SMITH,

                              Petitioner,

           -against-                                                18-CV-03958(JMA)

GREEN HAVEN CORR. FACILITY, NYSDOCCS,

                              Respondent.
----------------------------------------------------------------X
```

FILED
CLERK
7/26/2019 11:52 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

On January 10, 2018, incarcerated *pro se* petitioner Gabriel Smith ("petitioner"), filed a petition pursuant to 28 U.S.C. §2241 (the "2241 Petition") in this Court but did not remit the filing fee or file an application to proceed *in forma pauperis*. Accordingly, by Notice of Deficiency, petitioner was instructed to either remit the filing fee or complete and return the enclosed application to proceed *in forma pauperis* within fourteen (14) days from the date of the Notice of Deficiency. The Notice of Deficiency warned petitioner that his failure to timely comply may result in the dismissal of his petition for failure to prosecute. (*See* Notice, Docket Entry No. 4.) The Notice of Deficiency was mailed to petitioner at his address of record, and, a few days after it was sent, petitioner filed a Notice of Change of Address. (*See* Docket Entry No. 7.) Although the Notice of Deficiency had not been returned to the Court, given the address change, it was re-mailed to petitioner at his new address. (*See* Notice, Docket Entry

1

No. 6.) On June 4, 2018, petitioner timely filed an application to proceed *in forma pauperis*. Upon review, the application to proceed *in forma pauperis* is GRANTED.

In addition, on July 5, 2018, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the same conviction as he did in the 2241 petition. However, petitioner did not remit the filing fee, nor did he seek leave to proceed *in forma pauperis*. Accordingly, by Notice of Deficiency dated July 10, 2018, petitioner was instructed to either remit the $5 filing fee or to complete a return the enclosed application to proceed *in forma pauperis*. The Court's Notice of Deficiency was not returned to the Court. Petitioner did not remit the filing fee nor did he file an application to proceed *in forma pauperis*. Rather, on November 21, 2018, petitioner filed a letter asking the Court to send him an *in forma pauperis* application.

Given that petitioner's application to proceed *in forma pauperis* is granted as to the 2241 Petition, together with the fact that both petitions challenge the same conviction, the Court consolidates these petitions in the earlier filed case, 18-CV-208(JMA) and finds that the filing fee for these petitions is thus satisfied. Any further submissions shall bear only docket number 18-CV-208(JMA), no further filings shall be made under docket number 18-CV-3958 and the Clerk of the Court shall mark 18-CV-3958 closed.

Petitioner's § 2241 and § 2254 petitions are difficult to decipher. Although petitioner's submissions are far from clear, it appears that petitioner is a state prisoner challenging his conviction and sentence entered in the New York State Supreme Court, Nassau County on February 24, 2016 on two counts of assault in the second degree. Accordingly, the petitions are properly governed by 28 U.S.C. § 2254. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (petition under 2241 "unavailable" to state prisoner). Indeed, the Second Circuit has explained: "The fact that a [petitioner] invoked section 2241 did not, however,

2

require the district court to treat it as a § 2241 petition. On the contrary, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead."); *see also Heafy v. N.Y. State Div. of Parole*, 07-CV-4003, 2010 WL 3927505, at *1 ("Unlike a federal prisoner, a state prisoner cannot use § 2241 to challenge the execution of his sentence."); *Welch v. Mukasey*, 589 F. Supp. 2d 178, 179 (W.D.N.Y. 2008)("[S]ince [petitioner] is a state prisoner serving a state sentence in a state correctional facility, relief is unavailable to him under section 2241 . . . challenges to the execution of a sentence and to underlying convictions brought by state prisoners must be brought pursuant to 28 U.S.C. § 2254 . . . .").

Given the limitations on the filing of "second or successive" habeas petitions, a district court generally should not construe a § 2241 petition as a § 2254 petition unless the petitioner first has the opportunity to withdraw the submission. *Cook*, 321 F.3d at 282. Here, because plaintiff has subsequently filed a § 2254 petition challenging the same conviction as his § 2241 Petition, the limitation on filing a successive petition is present, irrespective of the Court's conversion of the § 2241 Petition to a § 2254 petition. Nevertheless, the Court affords petitioner an opportunity to withdraw his 2241 petition rather than have it construed as a petition pursuant to 28 U.S.C. § 2254. **Should petitioner wish to withdraw his 2241 petition, he shall so advise the Court in writing within thirty (30) days. If petitioner does not timely apprise the Court that he wants to with withdraw the 2241 petition, it shall be construed as a 2254 petition together with the pending 2254 petition filed on July 5, 2018.**

Petitioner is cautioned however that § 2254 petitions must generally be brought within one year after the conviction becomes final. *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D). Additionally, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State an opportunity to pass upon and correct alleged

violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation and internal quotation marks omitted). The Court makes no finding at this stage as to whether petitioner's claims are timely brought and/or properly exhausted. However, petitioner should consider these issues, and may request that both his § 2241 and § 2254 petitions be withdrawn in light of these requirements. **Should petitioner wish to withdraw both his § 2241 petition and his § 2254 petition, he shall so advise the Court in writing within thirty (30) days.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that *in forma pauperis* status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the petitioner at his last known address and record such service on the docket.

**SO ORDERED.**

\_\_\_\_\_/s/ (JMA)_____
Dated: July 26, 2019  Joan M. Azrack
Central Islip, New York  United States District Judge